IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of North Dakota, Tim Schuetzle, and | ) | |
| Leann K. Bertsch, | ) | Case No. 1:07-cv-075 |
| | ) | |
| Defendants. | ) | |

_____

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff lodged the complaint upon which this action proceeds on October 26, 2007. The undersigned entered a report on December 4, 2007, recommending that Plaintiff be allowed to proceed with the following two claims:

1) Disclosure of prison communications and labeling Plaintiff as a "snitch;" and

2) Alleged retaliation on account of the exercise of constitutional rights.

The court adopted the undersigned Report and Recommendation on January 2, 2008.

On January 4, 2007, Plaintiff filed a Motion for Appointment of Investigator. Plaintiff seeks assistance from an investigating officer to collect evidence in anticipation that Defendants will resist his discovery requests. However, he declines to elaborate on what evidence he seeks assistance in collecting out of fear that it may be altered, mutilated, or destroyed by Defendants.

The court finds no basis for appointing an investigator given the posture of this case. First, it should be noted that indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (citing Swope v. Cameron, 73

1

F.3d 850, 851-52 (8th Cir. 1996).  And, by extension, they do not have a right to a court-appointed investigator.  Cf. Pedraza v. Jones, 71 F.3d 194, 196 (5th Cir.1995) (stating that the plain language of section 1915 does not provide for the appointment of experts to aid an indigent litigant).  Second, there is nothing in the record to suggest that Plaintiff lacks the ability to conduct his own investigation.  Third, Plaintiff's request is premature.

The court generally employs the following protocol in civil actions.  Once a defendant has filed a responsive pleading, the court will direct the parties to submit a proposed scheduling plan. Thereafter, the court will issue a scheduling order setting forth pretrial deadlines. Here, Defendants have yet to file responsive pleadings and the court has taken no action with respect to scheduling matters.  As the parties have not engaged in meaningful discovery, Plaintiff's assertions regarding the Defendants unwillingness to cooperate at this point are nothing more than conjecture.

Accordingly, Plaintiff's Motion for Appointment of Investigator (Docket No. 12) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2008.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court