**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION TO COMPEL** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of North Dakota, Tim | ) | |
| Schuetzle, and Leann K. Bertsch, | ) | Case No. 1:07-cv-075 |
| | ) | |
| Defendants. | ) | |

Before the court is the Defendants' Motion to Compel Discovery, which was filed on February 13, 2009.

Plaintiff initiated the above-entitled action by complaint on . By Order Adopting Report and Recommendation dated January 2, 2008, the court permitted Wheeler to proceed with two claims: (1) disclosure of prison communications and labeling Wheeler as a snitch; and (2) retaliation on account of the exercise of constitutional rights.

Defense counsel deposed Plaintiff on January 20, 2009. During the deposition, Plaintiff testified that there were several individuals no longer incarcerated at the State penitentiary who could attest to the his account of the events giving rise to his retaliation claim. He refused to divulge their identities, however.

> Q: I'm asking about a specific conversation where she agreed to retaliate against you.
>
> A: That's what I'm talking about if you would listen.
>
> Q: Limit it to that.

1

A: If you would listen. The statements were made by her agreeing with them to get me fired, and without any kind of factual basis she has attempted it on several occasions. In fact, I have one in the mail right now of one that just happened the other day.

Q: And who else heard this alleged conversation?

A: Several people.

Q: I need names.

A: Well, you know the prison context with all the retaliation going on against me, they're not going to agree with it. They're not going to admit to it. Based on the facts that once they see the retaliation done against me, they're not going to admit to nothing because they don't want the same retaliation against them.

Q: I'm asking you for the names of who you allege heard the conversation you just talked about.

A: I've heard several conversations like that. There have been lots of people around.

Q: I'm asking a very direct question. I'm asking for people's names.

A: There's lots of them. Like I said, you know--

Q: Mr. Wheeler--

A: --Derrick Stanton was one of tem. You got--see, a lot of those people are in agreement with Derrick Stanton causing this retaliation, and you're not going to get any agreements with them because they're against me, as well.

Q: And tell me their names.

A: Well you've gotten Rene Deleon. There's been -- let me see -- Muhle that's in the kitchen in there. There's been -- who else? Just about anybody that's worked over in that area, they're just --

Q: But according to what you said, not one of them will support your version?

A: The only ones that would be the ones ain't in this prison anymore.

Q: And who are they?

2

> A: I have somewhat of a problem giving too many names because I don't know that Mr. Schuetzle ain't going to make -- you know, do something to get them to change their story.
>
> Q: Well, if you do not provide answers to my questions, I will ask the Court to prohibit you from testifying regarding any of these matters.
>
> A: Well, I am requesting the Court to get subpoenas to issue certain types of evidence that I cannot give you in this deposition because it will be destroyed.
>
> Q: That's between you and the Court.
>
> A: Exactly.
>
> Q: Right now I'm asking whether you're going to answer my direct question as to who those individuals are.
>
> A: I gave you enough right there.
>
> Q: So you're not going to answer that question?
>
> A: Well, that's all I can give you right now on that issue.
>
> Q: No, you told me there were some people who are no longer at the pen who will support your story. What are their names?
>
> A: Like I said, I can't give you that information until I get an answer from the Court.

(Docket No. 73-2).

On February 13, 2009, Defendants filed a Motion to Compel Discovery. They seek an order from the court compelling Plaintiff to provide the names and addresses of the persons that the Plaintiff failed to provide in response to the foregoing questions. They further request that the court prohibit Plaintiff from calling any of these persons in the event that he fails to disclose their identities within ten days of the issuance of any court order granting their Motion to Compel Discovery.

Plaintiff filed a response in opposition to Defendants' motion on March 2, 2009. In addition, to making oblique references to his own motions to compel that were previously denied by the court, he expressed concern that potential witnesses will be harassed or otherwise retaliated against if their identities are revealed. In the event the court is inclined to grant Defendants' motion, he requested that Defendants be prohibited from interviewing potential witnesses outside of his presence. He also requested leave to interview potential witnesses, explaining that he is prevented from contacting these individuals by an NDSP policy prohibiting contact between inmates at separate institutions.

Fed. R. Civ. P. 26(b)(1) specifically provides that parties may obtain discovery "of the identity and location of persons having knowledge of discoverable matters." And, while the court has the power to limit discovery for good cause shown under Rule 26(c), Plaintiff's claims of possible retaliation are conclusory, if not also outright fanciful, and are not a basis for limiting discovery in this instance. See Norflet v. John Hancock Financial Services, Inc., 2007 WL 433332 at *4 (D. Conn. 2007); see also Mazure v. Lampert, 2007 WL 917271 (S.D. Fla. 2007).

Accordingly, the court **GRANTS IN PART** Defendant's Motion to Compel (Docket No. 68). Plaintiff shall have ten (10) days from the entry of this order to provide Defendants with a list of the names of the persons that are responsive to the questions set forth above along with any information that the Defendant has with respect to their locations, including their addresses.

The court need not address Defendants' request to exclude any potential witnesses at this time. However, Plaintiff should be advised that this and other relief may be appropriate under Fed. R. Civ. P. 37(b)(2)(A) should the Plaintiff fail to comply with this order.

Plaintiff's request to participate in any interviews the Defendants may conduct with these individuals is denied as his request for a hearing.

4

**IT IS SO ORDERED.**

Dated this 6th day of March, 2009.

>                              */s/  Charles S.  Miller, Jr.*
>                              Charles S.  Miller, Jr.
>                              United States Magistrate Judge