IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | |
| | ) | **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) | **MOTION FOR RECONSIDERATION** |
| | ) | **AND HEARING** |
| vs. | ) | |
| | ) | Case No. 1:07-cv-075 |
| State of North Dakota, Tim Schuetzle, | ) | |
| and Leann K. Bertsch, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the Court is the Plaintiff's "Motion to Reconsider Discovery Requests" filed on March 20, 2009. See Docket No. 83. The Defendants filed a response in opposition to the motion on April 2, 2009. See Docket No. 85.

On February 20, 2009, the plaintiff, LeRoy K. Wheeler, filed a pro se motion entitled "Objections to the Magistrates Orders." See Docket No. 71. Wheeler sought review of orders issued by Magistrate Judge Charles S. Miller, Jr. but did not specify the exact orders. The Court determined that Wheeler was appealing Judge Miller's orders dated December 16, 2008; January 6, 2009; January 13, 2009; and February 12, 2009. See Docket Nos. 56, 60, 63, and 67. The orders address discovery motions brought by Wheeler. On March 6, 2009, the Court entered an "Order Denying Plaintiff's Appeal from Magistrate Judge's Orders." See Docket No. 81. Wheeler now moves the Court to reconsider its March 6, 2009, order as it pertains to the discovery motions filed on December 8, 2008, and January 29, 2009 (Docket Nos. 53 and 65).

This action consists of a litany of motions and orders that demonstrate the attention paid to Wheeler's discovery requests. On December 8, 2008, Wheeler moved for the production of

numerous documents allegedly held by the Defendants. See Docket No. 53. On December 16, 2008, Judge Miller denied the motion without prejudice, finding:

> Plaintiff has not certified that he has made an attempt to confer with Defendants. Likewise he has made no mention of serving any discovery requests upon Defendants. The fact that Plaintiff is proceeding pro se does not excuse his noncompliance with the Federal Rules of Civil Procedure.
>
> It is inappropriate for Plaintiff to seek an order compelling production of discovery materials without first serving the Defendants with discovery requests and giving them an opportunity to respond. Defendants should have an opportunity to review Plaintiff's discovery requests and either comply or raise objections. If, based on the Defendants' responses to Plaintiff's requests, there are issues that need to be resolved by this court, Plaintiff can then file the appropriate motion. However, at this point, his motion now before the court is premature.

See Docket No. 56. On December 23, 2008, which was one week after the issuance of Judge Miller's order, Wheeler filed a reply brief. See Docket No. 58. On December 30, 2008, Wheeler filed a letter that Judge Miller construed as a motion for reconsideration of the December 16, 2008, order. See Docket No. 59. Wheeler argued that Judge Miller entered the order denying the discovery motion without giving him time to file a reply brief. On January 6, 2009, Judge Miller denied the motion for reconsideration. See Docket No. 60.

On January 12, 2009, Wheeler filed a motion entitled "Objection to Magistrates Orders," which Judge Miller construed as a second motion for reconsideration and a request for a hearing. See Docket No. 62. On January 13, 2009, Judge Miller denied the motion. See Docket No. 63.

On January 29, 2009, Wheeler filed a "Motion for Order to to Enforce Discovery Production," in which he made numerous discovery requests. See Docket No. 65. On February 12, 2009, Judge Miller denied Wheeler's motion without prejudice, finding:

> There is no dispute that the Defendants were served with the discovery requests at issue on January 5, 2009. The Federal Rules of Civil Procedure provide that the Defendants have thirty [days] from the date of service of the discovery

>   requests in which to respond. See Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). Further, Rule 6(d) provides the Defendants three additional days for mailing. Thus, at first blush, the Defendants['] responses to Wheeler's requests were due on February 7, 2009. However, since February 7, 2009, was a Saturday, the [responses] were not actually due until Monday, February 9, 2009. Fed. R. Civ. P. 6(a)(3). Wheeler's motion was therefore filed prematurely.

See Docket No. 67. On February 18, 2009, Wheeler filed a reply brief in which he stated his dissatisfaction with the Defendants' discovery production. See Docket No. 70.

Having carefully reviewed the record, the Court finds no basis to reverse its March 6, 2009, order denying Wheeler's appeal of Judge Miller's orders. It is clear from the record that all of Wheeler's discovery motions, and specifically the motions filed on December 8, 2008, and January 29, 2009, have been thoroughly considered and duly ruled upon. The Court **DENIES** the Plaintiff's motion for reconsideration and request for a hearing (Docket No. 83).

**IT IS SO ORDERED.**

Dated this 3rd day of April, 2009.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court

3