**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| LeRoy K. Wheeler, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Tim Schuetzle, Leann K. Bertsch, and | ) | Case No. 1:07-cv-075 |
| State of North Dakota, | ) | |
| | ) | |
| Defendants. | ) | |

_____

The plaintiff, LeRoy K. Wheeler, filed a pro se civil rights action under 42 U.S.C. § 1983

on October 26, 2007.  See Docket No. 1.  Magistrate Judge Charles S. Miller, Jr. conducted an initial

review as mandated by 28 U.S.C. § 1915A, and submitted a Report and Recommendation on

December 4, 2007.  See Docket No. 8.  Judge Miller recommended that Wheeler be allowed to

proceed on the claim of alleged retaliation by North Dakota State Penitentiary (NDSP) staff and on

the claim of disclosure of sensitive prison communications.

On February 24, 2009, the Defendants filed a motion for summary judgment.  See Docket

No. 72.  Wheeler filed a response in opposition to the motion on May 26, 2009.  See Docket No.

94.  The Defendants filed a reply brief on June 2, 2009.  See Docket No. 96.  Wheeler filed a

surreply on June 10, 2009.  See Docket No. 97.

On June 18, 2009, Judge Miller submitted a Report and Recommendation.  See Docket No.

98. Judge Miller recommended that the Defendants' motion for summary judgment be granted,

Wheeler's retaliation claim be dismissed without prejudice for failing to properly exhaust available

prison remedies, and the remainder of Wheeler's complaint be dismissed with prejudice.  Wheeler

was given ten (10) days to file an objection to the Report and Recommendation.  Wheeler filed an objection on June 30, 2009.  See Docket No. 99.

As to the retaliation claim, Wheeler contends that Judge Miller ignored the supplement to the complaint and requests that the Court consider the supplement.  Wheeler contends that he "did exhaust his retaliation claim that [Sharon Schumann, the Assistant Food Services Director at the NDSP,] did write a disciplinary report against Wheeler in retaliation for Wheeler writing a grievance on kitchen staff disclosing Wheelers mail contents to [Derek] Stanton (a federal inmate).  It was exhausted because once NDSP dismissed the report and returned his property he could proceed no further, there was no proceddings left available to Wheeler."  See Docket No. 99 (errors in original).  Regarding the prison communications claim, Wheeler contends that Judge Miller has not properly considered Wheeler's grievance and that the "evidence is there to prove Wheelers claims, if simply subpoena'ed."  See Docket No. 99 (errors in original).

The Court has carefully reviewed the Report and Recommendation, Wheeler's objection, relevant case law, and the record as a whole, and finds that the Report and Recommendation is persuasive.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Docket No. 98) in its entirety, **GRANTS** the Defendants' motion for summary judgment (Docket No. 72), **DISMISSES WITHOUT PREJUDICE** Wheeler's retaliation claim, and **DISMISSES WITH PREJUDICE** the remainder of Wheeler's complaint.

**IT IS SO ORDERED**.

Dated this 8th day of July, 2009.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court

2